UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-06862-SSS-DMK | Date | November 20, 2026 |
|---|---|---|---|
| Title | *Elder Ronaldo Gonzalez Ramirez v. James Janecka, et al.* | | |

Present: The Honorable SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 3]**

Before the Court is Petitioner Elder Ronaldo Gonzalez Ramirez's ("Petitioner") *Ex Parte* Application for a Temporary Restraining Order ("TRO") filed on November 14, 2026. [Dkt. No. 3] Respondents filed their Opposition to the TRO ("Opposition") on November 17, 2026. [Dkt. No. 9] For the reasons discussed below, the Court **DENIES WITHOUT PREJUDICE** Petitioner's Application for a TRO.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala. [Dkt. No. 3 at 8] On September 6, 2024, he presented himself at a United States port of entry through a CBP One appointment where he requested asylum. [*Id.*] At that time, he was processed and released. [*Id.*] Thereafter, he was placed into removal proceedings. [*Id.*]

Petitioner was ordered to Guatemala on August 4, 2026. [Dkt. No. 9-4] The parties do not dispute that Petitioner did not appeal the order, and it became final on or about September 3, 2026. [Dkt. Nos. 3 at 9, 9 at 2] On November 3, 2026,

Petitioner filed a motion to reopen his immigration proceedings alleging ineffective assistance of counsel. [Dkt. No. 3 at 9] That same day, Petitioner was detained at a routine Immigration and Customs Enforcement ("ICE") supervision check-in. [*Id.*] He has been detained by ICE at Adelanto ICE Processing Center since then. [*Id.*]

## II. LEGAL STANDARD

For the Court to grant a TRO, the moving party must show: (1) that she is "likely to succeed on the merits" of her underlying claim, (2) that she is "likely to suffer irreparable harm in the absence of preliminary relief," (3) that "the balance of equities tips in [her] favor," and (4) that the requested injunction "is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

## III. DISCUSSION

Petitioner's TRO is denied for failure to show a likelihood of success on the merits. The TRO raises a single claim that his detention violates the Fifth Amendment's Due Process Clause. [Dkt. No. 3 at 11] In the Opposition, Respondents state that Petitioner is subject to mandatory detention under the Immigration and Nationality Act ("INA"), his detention is not unreasonable under *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001), and the Court cannot prevent Petitioner's removal based on his pending motion to reopen in immigration court. [*See* Dkt. 9 at 2–5]

### A. Fifth Amendment's Due Process Clause

The detention of noncitizens who have been ordered removed from the United States is governed by 8 U.S.C. § 1231(a). In particular, § 1231(a)(6) provides that after a 90-day 'removal period,' a noncitizen 'may be detained' or may be released under terms of supervision." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575 (2022). After this 90-day removal period has elapsed, ongoing detention is only authorized for "four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those [ICE] determines 'to be a risk to the community'; and (4) those [ICE] determines to be 'unlikely to comply with the

order of removal.'" *Arteaga-Martinez*, 596 U.S. at 578–79 (quoting 8 U.SC. § 1231(a)(6)).

Here, Petitioner was ordered removed on August 4, 2026. [Dkt. No. 9-4] That order became final on September 3, 2026, after not filing an appeal; thus, starting his removal period which ends on December 2, 2026. *See* 8 U.S.C. § 1231(a)(1). As of today, Petitioner has been detained for 17 days, which is less than the presumptively reasonable 6 months outlined by *Zadvydas*. *See* 533 U.S. at 689–90. Therefore, Petitioner has not shown a likelihood to succeed on this claim.

**B. 8 U.S.C. § 1252(g)**

Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen]." The Supreme Court has construed § 1252(g) to apply only to those three specified actions, stressing that the statutory aim is to prevent "attempts to impose judicial constraints upon prosecutorial discretion." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 485 n.9 (1999); *see Arce v. United States*, 899 F.3d 796, 800–01 (9th Cir. 2018) (holding that § 1252(g) is limited to the "three specific discretionary actions"). However, a "district court may consider a purely legal question that does not challenge the Attorney General's discretionary authority." *United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004).

Nevertheless, the Ninth Circuit makes clear that § 1252(g) strips district courts of jurisdiction over claims that challenge the decision to execute a removal order, notwithstanding pending applications for relief. *See Rauda v. Jennings*, 55 F. 4th 773, 778 (9th Cir. 2022). Petitioner's TRO Application seeks release from detention and asks this Court to consider that his motion to reopen is pending in immigration court. [*See* Dkt. No. 3 at 14–15]. Such form of relief ordered by the Court would interfere with the Attorney General's authority to execute a removal order. Because the Petitioner's claims for relief fall within the jurisdictional bar under § 1252(g), the Court lacks subject matter jurisdiction to hear the merits of the TRO Application.

///

///

## IV. CONCLUSION

As such, the Court **DENIES WITHOUT PREJUDICE** Petitioner's Application for a TRO. [Dkt. No. 3].

**IT IS SO ORDERED**.